**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-00387-BNB
(**The above civil action number must appear on all future papers
sent to the court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

AMRITPAL SINGH

      Plaintiff,

v.

DARLA NOWAK, and
ATTORNEY ROSS-SHANNON BRADLEY,

      Defendants.

---

**ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND
FILE AMENDED COMPLAINT THAT COMPLIES WITH RULE 8**

---

Plaintiff has submitted a Complaint and Motion and Affidavit for Leave to Proceed

Pursuant to 28 U.S.C. § 1915.  As part of the court's review pursuant to

D.C.COLO.LCivR 8.1(a), the court has determined that the submitted documents are

deficient as described in this order.  Plaintiff will be directed to cure the following if he

wishes to pursue his claims.  Any papers that Plaintiff files in response to this order

must include the civil action number on this order.

**Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915**:
1.    __    is not submitted
2.    __    is not on proper form
3.    xx    is missing original signature by plaintiff/petitioner/applicant
4.    __    is missing affidavit
5.    __    affidavit is incomplete
6.    xx    affidavit is not notarized or is not properly notarized
7.    __    names in caption do not match names in caption of complaint, petition or
                 application

8.   __xx__   other: The motion and affidavit, whether handwritten or typed, must be legible and written in capital and lower case letters in compliance with Rule 10.1 of the Local Rules of Practice for this Court.

**Complaint or Petition**:

9.   __   is not submitted
10.  __   is not on proper form
11.  __   is missing an original signature by the plaintiff/petitioner/applicant
12.  __   is incomplete
13.  __   uses et al. instead of listing all parties in caption
14.  __   names in caption do not match names in text
15.  __   addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
16.  __xx__   other: The amended complaint, whether handwritten or typed, must be legible and written in capital and lower case letters in compliance with Rule 10.1 of the Local Rules of Practice for this Court.

The Court must construe liberally the Complaint because Mr. Singh is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Singh will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The complaint is verbose and unreadable on many pages. The Court directs Mr. Singh to submit an amended complaint that complies with the pleading requirements of Rule 8. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The

requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims.  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*

Mr. Singh is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  However, in so doing, he should not repeat facts over and over, succeeding only in confusing the Court and defendants as to his asserted claims.

It is Mr. Singh's responsibility to present his claims in a manageable and

readable format that allows the Court and defendants to know what claims are being asserted and to be able to respond to those claims.  Mr. Singh must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. The Court does not require a long, chronological recitation of facts.  Nor should the Court or defendants be required to sift through Mr. Singh's verbose allegations to locate the heart of each claim.  The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Finally, Mr. Singh is advised that Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1.  Mr. Singh's amended complaint, whether handwritten or typed, must be double-spaced and legible, in capital and lower-case letters, in compliance with D.C.COLO.LCivR 10.1.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992);  *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8.  Mr. Singh will be given an opportunity to cure the deficiencies in his complaint by submitting an amended complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8.  The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended

4

complaint.

Accordingly, it is

ORDERED that Plaintiff cure the deficiencies designated above **within thirty (30) days from the date of this order**.  Any papers that Plaintiff files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Complaint forms, along with the applicable instructions, at www.cod.uscourts.gov, and shall use those forms in curing the designated deficiencies and filing an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, some claims against some defendants, or the entire complaint and the action may be dismissed without further notice.

DATED February 12, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland

United States Magistrate Judge