IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00387-BNB

AMRITPAL SINGH,

    Plaintiff,

v.

ATTORNEY: ROSS-SHANNON BRADLEY - CO #5120,

    Defendant.

---

ORDER OF DISMISSAL

---

    Plaintiff, Amritpal Singh, resides in Denver, Colorado.  On April 4, 2014, he filed *pro se* an Amended Complaint (ECF No. 10) in which he appears to assert a legal malpractice claim against Defendant and to ask the Court to reconsider the damages awarded in his state court personal injury lawsuit.

    On April 9, 2014, the Court entered an order (ECF No. 13) directing Mr. Singh to show cause within thirty days of the order why this action should not be dismissed for lack of federal subject-matter jurisdiction.  Plaintiff submitted a Response (ECF No. 15) on April 21, 2014.

**I.  Pro Se Plaintiff**

    The Court must construe the Amended Complaint and Response liberally because Mr. Singh is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991); *see also Trackwell v. United States,* 472 F.3d 1242, 1243 (10th Cir. 2007) (holding allegations in

pro se pleadings and other papers to less stringent standards than those drafted by attorneys). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.* The Court also may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. V. Cal. State Council of Carpenters,* 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico,* 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins,* 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao,* 296 F.3d 952, 957 (10th Cir. 2002).

**II.  Lack of Subject Matter Jurisdiction**

It is the Court's duty to assure itself of its subject-matter jurisdiction before proceeding with any case. *See Citizens Concerned for Separation of Church & State v. City & County of Denver,* 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Rule 12 of the Federal Rules of Civil Procedure empowers a court to dismiss a complaint for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1) and (h)(3). Dismissal for lack of jurisdiction is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the

existence of jurisdiction rather than the allegations of the complaint.  *See Castaneda v. INS,* 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing that federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.  *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *See Basso,* 495 F.2d at 909; *see also McAlester v. United Air Lines, Inc.,* 851 F.2d 1249, 1252 (10th Cir. 1988) (issue of subject matter may be raised *sua sponte* by the court at any point in the proceedings).  The dismissal is without prejudice.  *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir. 2006).

**III.  Analysis**

Construing the Amended Complaint liberally, Plaintiff appears to assert a legal malpractice claim and to request that the Court "re-open" and reconsider Plaintiff's state court personal injury lawsuit.  As explained in the Order to Show Cause, there are two statutory bases for federal subject-matter jurisdiction:  federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *and* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States . . . ").  Absent a claim arising under federal law or complete diversity of citizenship between the parties, the Court lacks jurisdiction to adjudicate Plaintiff's

claims. *See Guttman v. Silverberg,* 167 Fed. Appx. 1, 3-4 (10th Cir. 2005) (unpublished) (affirming dismissal of legal malpractice claim against attorney for lack of subject-matter jurisdiction because plaintiff did not allege state action or diversity of citizenship).

Here, Mr. Singh fails to assert any claims that specifically raise a federal question and, even construing the Amended Complaint and Response liberally, he fails to allege any facts or state action that arguably might support a federal question claim against Defendant. Instead Mr. Singh asserts one or more state law tort claims. According to Mr. Singh, he is entitled to additional personal injury damages from a car accident in 2007 in which he already has received a favorable judgment in state court. (*See* ECF No. 10 at 1-2, 5-8; ECF No. 15 at 2-3). He also complains about the professional conduct of Defendant, his personal injury attorney in the state action, because Defendant received all the money awarded to Plaintiff in the state lawsuit in order to cover the attorney's legal fees and costs incurred. (*See* ECF No. 10 at 1-3, 5, 13, 42-43; ECF No. 15 at 1). Without addressing the merits of his theories of liability, the Court finds that Mr. Singh may not assert a legal malpractice claim against Defendant pursuant to § 1331 because the state law tort claim does not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Nor does Mr. Singh allege diversity of citizenship under 28 U.S.C. § 1332, and thus, the Court concludes that diversity also is lacking. If Mr. Singh wishes to pursue a legal malpractice claim, he must do so in state court.

Moreover, as explained in the Order to Show Cause, Mr. Singh cannot ask this Court to "re-open" and reconsider the damages awarded in his personal injury lawsuit in

state court.  The *Rooker-Feldman*[1] doctrine prohibits "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."  *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (quotation omitted); *see also Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147 (10th Cir. 2004).  The *Rooker-Feldman* doctrine also bars claims that are "inextricably intertwined" with a prior state court judgment.  *See Feldman,* 460 U.S. at 482 n.16.  "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks."  *Crutchfield*, 389 F.3d at 1147-48.  "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment."  *Id.* at 1148; *see also Mann v. Boatright,* 477 F.3d 1140 (10th Cir. 2007) (claim is "inextricably intertwined" with the state court judgment where success in federal district court would require court "to review and reject" that judgment).  Thus, a claim seeking to review and reverse a state court judgment is subject to dismissal for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine.  *See Landrith v. Gariglietti,* No. 12-3048, 505 F. Appx. 701, 702 (10th Cir. Dec. 7, 2012) (unpublished).

In his Response, which is largely unintelligible, Mr. Singh repeatedly asks that the Court not dismiss this action for lack of subject-matter jurisdiction.  The Response, however, does not provide any basis for federal subject-matter jurisdiction in this case.

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983).

Therefore, despite the Court's order to show cause, Plaintiff has failed to fulfill his burden in establishing the Court's subject-matter jurisdiction over this case. *See Basso,* 495 F.2d at 909. As a consequence, this action must be dismissed. Accordingly, it is

ORDERED that the Complaint and action are DISMISSED WITHOUT PREJUDICE due to the Court's lack of subject-matter jurisdiction. It is

FURTHER ORDERED that all pending motions are DENIED as moot. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Dated April  29th , 2014 at Denver, Colorado.

                                            BY THE COURT:

                                            s/Lewis T. Babcock
                                            LEWIS T. BABCOCK, Senior Judge
                                            United States District Court